Dannyse A. QUOKA, Plaintiff–Appellant,

v.

CITY OF WEST HAVEN, James V. Amendola, Jr., Richard Borer, Ralph Delucca, Michael Farrell, John Madigan, Sr., Defendants–Appellees.

Docket No. 02–7675.

United States Court of Appeals, Second Circuit.

May 22, 2003.

John R. Williams, New Haven, CT, for Plaintiff–Appellant.

Raymond J. Plouffe, Jr., Bridgeport, CT (Catherine L. Creager, Bai, Pollock, Blueweiss & Mulcahey, Bridgeport, CT, on the brief), for Defendants–Appellees.

Present: MESKILL, CARDAMONE, and CABRANES, Circuit Judges.

831

SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appeal from a final order of the United States District Court for the District of Connecticut, Burns, *J.*, granting the defendants-appellees' motion for summary judgment on all claims.

"We review a grant of summary judgment *de novo*, examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant." *Sheppard v. Beerman*, 317 F.3d 351, 354 (2d Cir.2003). "This Court reviews a grant of summary judgment under the same principles that guide the district court." *Podell v. Citicorp Diners Club*, 112 F.3d 98, 100 (2d Cir.1997). That is, "our review is plenary." *Williams v. Greifinger*, 97 F.3d 699, 702 (2d Cir.1996).

Plaintiff-appellant Quoka brought this action against her former employer, the City of West Haven, and several other defendants-appellees, alleging that she was retaliated against for exercising her First Amendment rights, in violation of the United States Constitution and 42 U.S.C. § 1983. The complaint also alleges causes of action for violations of Quoka's federal procedural and substantive due process rights, violations of Quoka's rights to freedom of speech and due process under the Connecticut Constitution, and state law claims for intentional and negligent infliction of emotional distress.

The appellees moved for summary judgment, and the district court granted the motion on the ground that the legal issues in the instant case were identical to the issues raised in *Avery v. City of West Haven*, 3:99CV00013(EBB), a related case filed by former colleagues of Quoka against the same defendants. The com-

plaint in *Avery* relied on essentially the same underlying facts as does the instant case, and summary judgment in that case had been granted in favor of the defendants. *See Avery*, 3:99CV00013 (EBB) (Ruling on Defendants' Motion for Summary Judgment) (D.Conn., Feb. 1, 2001).

■ The appellant contends that the grant of summary judgment was error because in the *Avery* case the plaintiffs' counsel failed to submit a Local Rule 56(a)(2) counter-statement of disputed material facts[1] in opposition to the defendants' motion for summary judgment; accordingly, the defendants' Local Rule 56(a)(1) statement of undisputed material facts was treated by the court as admitted. We agree that it was error to grant summary judgment solely on the basis of the outcome in the *Avery* case because in this case, Quoka did file a Local Rule 56(a)(2) counter-statement of disputed material facts contesting the assertions made by the appellees in their motion for summary judgment, rendering the posture of the two cases substantially different. However, "[w]e may affirm the award of summary judgment on any ground with adequate support in the record." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir.2001) (internal quotation marks and citation omitted). We conclude that summary judgment should be granted in favor of the appellees for another reason, specifically, because Quoka failed to identify admissible evidence in the record demonstrating the existence of a genuine issue of material fact in dispute.

Quoka argues in her memorandum in opposition to summary judgment, her Rule 56(a)(2) statement, and her appellate brief that there are genuine issues of material fact in dispute. However, "mere concluso-

ry allegations or denials in legal memoranda ... are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir.1995) (internal quotation marks and citations omitted); *see also Saks v. Franklin Covey Co.*, 316 F.3d 337, 348 (2d Cir.2003) ("Without some evidence, Saks's argument is wholly speculative and, as such, is insufficient to defeat Franklin Covey's motion for summary judgment."). Furthermore, only admissible evidence may be considered in ruling on a motion for summary judgment. *See, e.g., Sarno v. Douglas Elliman–Gibbons & Ives*, 183 F.3d 155, 160 (2d Cir.1999).

We have scoured the record, as is required upon *de novo* review, but we have been unable to find any admissible evidence in the record that would support Quoka's assertions. Our task was complicated by Quoka's failure to comply with Local Rule 56(a)(3), which requires that each assertion in a Rule 56(a) statement be followed by a citation to an affidavit or admissible evidence supporting the assertion. While non-compliance with this Rule may not be reason enough to grant summary judgment, the lack of evidence in the record demonstrating any genuine issue of material fact is.

■ "In order to prove her First Amendment retaliation claim, plaintiff must show [*inter alia*] that ... she suffered from an adverse employment action." *Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir.2002). Quoka claims that she was constructively terminated, but has not produced any admissible evidence which would permit a rational trier of fact to find that a constructive termination occurred.

---

**1.** At the time the *Avery* case was decided, the Local Rules were numbered differently, and this was referred to as a Rule 9(c) statement.

Accordingly, no genuine issue of material fact exists as to whether Quoka suffered an adverse employment action, and her retaliation claims must fail.

■ As to Quoka's due process claims, these were not pursued on appeal and may be considered abandoned. *See Schwapp v. Town of Avon,* 118 F.3d 106, 112 (2d Cir. 1997). However, even if these claims were properly before this Court, Quoka has failed to present evidence sufficient to survive summary judgment.

■ Finally, as to Quoka's state law emotional distress claims, Quoka has presented no evidence that would allow a rational trier of fact to conclude that the appellees' actions were so extreme and outrageous as to "exceed[ ] all bounds usually tolerated by decent society." *DeLaurentis v. City of New Haven,* 220 Conn. 225, 597 A.2d 807, 828 (1991) (internal quotation marks and citations omitted); *see also Muniz v. Kravis,* 59 Conn.App. 704, 757 A.2d 1207, 1212 (2000) (noting that, under Connecticut law, same standard of "extreme and outrageous" conduct applies in cases of negligent and intentional infliction of emotional distress).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.